**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

June 12, 2020

LETTER TO COUNSEL

  RE: *Gerald G. v. Saul*;
     Civil No. SAG-19-2776

Dear Counsel:

  On September 20, 2019, Plaintiff Gerald G. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. ECF No. 1. I have considered the parties' cross-motions for summary judgment, ECF Nos. 14, 15, and Plaintiff's response, ECF No. 16. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

  Plaintiff filed his claims for benefits on August 25, 2017, alleging disability beginning January 20, 2016. Tr. 250-61. His claims were denied initially and on reconsideration. Tr. 170-89. A hearing was held on March 5, 2019, before an Administrative Law Judge ("ALJ"). Tr. 36-71. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 15-30. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

  The ALJ found that Plaintiff suffered from the severe impairments of "dysfunction of major joints, degenerative disc disease, irritable bowel syndrome, anxiety disorder, and trauma disorder." Tr. 18. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he would need to change position from sitting to standing approximately every 30 minutes or at will. He can frequently balance and occasionally climb stairs, stoop, kneel, crouch, and crawl, but should never climb ladders. He should avoid concentrated exposure to work hazards. He is able to perform simple, routine tasks and can occasionally interact with supervisors, co-workers, and the public. Further, any time off tasks could be accommodated by normal breaks.

*Gerald G. v. Saul*
Civil No. SAG-19-2776
June 12, 2020
Page 2

Tr. 21. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform his past relevant work as an electronic technician, but that he could perform other jobs available in significant numbers in the national economy. Tr. 28-29. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 30.

On appeal, Plaintiff advances three primary arguments: (1) that the RFC's limitation to "simple, routine tasks" precludes the reasoning level two jobs proffered by the VE; (2) that the ALJ improperly evaluated the opinion evidence; and (3) that the ALJ failed to accommodate Plaintiff's mental impairments in the RFC assessment. ECF No. 14-1 at 3-15. Each argument lacks merit for the reasons discussed below.

First, Plaintiff's assertion that there is an apparent conflict between the ability to perform "simple, routine tasks" and the DOT's reasoning level of 2, ECF No. 14-1 at 3-6, is incorrect. The VE identified three jobs in response to the ALJ's hypothetical: marker, router, and photocopy machine operator. Tr. 29, 63-64. According to the *Dictionary of Occupational Titles* (DOT), all three jobs require a Reasoning Level of 2. U.S. Dep't of Labor, DOT §§ 209.587-034, 222.587-034, 207.685-014 (4th ed. 1991). A Reasoning Level of 2 requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." *Id.*, App'x C, 1991 WL 688702.

There are two recent Fourth Circuit cases that discuss this issue. In *Thomas v. Berryhill*, 916 F.3d 307, 313-14 (4th Cir. 2019), the Fourth Circuit found that an apparent conflict exists between a limitation to "short, simple instructions" and a Reasoning Level of 2. In a more recent opinion, *Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019), the Court held that there is not an apparent conflict between "simple, routine repetitive tasks of unskilled work" and a Reasoning Level of 2. In *Lawrence*, the Fourth Circuit explained that the RFC in *Thomas* included a limitation to "short" instructions, and "'[s]hort' is inconsistent with 'detailed.'" *Id.* (quoting *Pearson v. Colvin*, 810 F.3d 204, 209 (4th Cir. 2015)) ("To assess whether an apparent conflict exists, [the court] compare[s] the DOT's 'express language' with the [VE]'s testimony."). The Court clarified that the limitation to "simple" tasks [was] not inconsistent with the ability to apply and understand "detailed but uninvolved . . . instructions." *Id.* The facts in this case are similar to those in *Lawrence*. Here, the ALJ found that Plaintiff was limited to "simple, routine tasks," which does not conflict with the Reasoning Level 2 requirement to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions."

Plaintiff next challenges the ALJ's assessment of the opinions of his treating physician, Heather Devick,[1] M.D., and his kinesiologist, Michael Minor. ECF No. 14-1 at 7-11. The ALJ discussed Dr. Devick's opinion and found it "somewhat persuasive, as it [was] too remote to have significant relevance currently" and while "mostly consistent with the record, . . . [it did] not

---

[1] The ALJ spelled the doctor's name as "Derick" but this Court will use the spelling reflected in the record, "Devick." *See, e.g.*, Tr. 743.

contemplate or address changes in [Plaintiff's] physical condition over time." Tr. 26. The ALJ also discussed Dr. Minor's opinion and found it "not persuasive" because it was inconsistent with both treatment records and Plaintiff's activities of daily living. Tr. 27. Plaintiff does not allege that the ALJ failed to articulate how she considered the opinion evidence; rather, Plaintiff disagrees with the ALJ's reasoning. *See* 20 C.F.R. § 404.1520c (describing how an ALJ will consider medical opinions).

Regarding the ALJ's consideration of Dr. Devick's opinion, Plaintiff contends that "[i]t is an absolute exaggeration to claim that a medical opinion rendered one month prior to the relevant time period is 'too remote to have significant relevance currently.'" ECF No. 14-1 at 7 (quoting Tr. 26). Dr. Devick's opinion was dated April 5, 2017, Tr. 735, and the relevant time period began May 4, 2017.[2] The ALJ noted improvement in the record during 2017 and 2018 that is not reflected in Dr. Devick's opinion. *See* Tr. 28-29; *see also* 20 C.F.R. § 404.1520c(c)(5) ("[W]e will also consider whether new evidence we receive after the medical source made his or her medical opinion . . . makes the medical opinion . . . more or less persuasive."). Therefore, the ALJ provided support for finding Dr. Devick's opinion only somewhat persuasive. Regarding Dr. Minor's opinion, Plaintiff asserts that the ALJ ignored many treatment records and "cit[ed] only the evidence that supported her own opinion." ECF No. 14-1 at 9-10. However, the ALJ discussed Plaintiff's treatment records throughout the decision, *see* Tr. 22-27, and acknowledged in her consideration of Dr. Minor's opinion that the record showed "some degeneration of the back and knees," but found overall that "most examinations noted normal muscle bulk/tone and steady gait/stance without the use of assistive device." Tr. 27.

Plaintiff asserts that "the ALJ's presumption that [Plaintiff] could ambulate without assistive devices is simply contrary to the record." ECF No. 14-1 at 10. For support, Plaintiff cites to his June 2018 request for a walker with a seat, *id.*, which the ALJ noted, Tr. 24 ("Treatment records indicate that the claimant received a rollator upon his request to allow him to sit while at the grocery store waiting in line."). The ALJ cited to multiple records to support his conclusion that "most examinations noted normal muscle bulk/tone and steady gait/stance without the use of assistive device." Tr. 27; *see, e.g.*, Tr. 436 (noting "steady gait w/o assist"), 611 (same), 975 (noting "steady gait"), 1036 (noting that "he uses a cane on occasion"), 1049 (noting "good stability and coordination"); *see also* Tr. 734 (Dr. Devick's medical source statement, noting that Plaintiff did not require assistive devices for ambulation). The ALJ also found that Dr. Minor's opinion was inconsistent with Plaintiff's activities of daily living. Tr. 27 ("Moreover, the opinion is inconsistent with the claimant's ability to prepare light meals, utilize public transportation, shop[] in store[s], watch television, and exercise regularly."). Plaintiff argues that the ALJ disregarded his limited ability to perform these activities. ECF No. 14-1 at 10. However, the ALJ appropriately considered Plaintiff's activities of daily living as one factor in the decision. *See* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion . . . will be."). Even if the ALJ should have discussed Plaintiff's limited ability to perform

---

[2] Because Plaintiff did not request review of an unfavorable decision dated May 3, 2017 for a prior claim, the ALJ determined that the relevant time period for this claim began May 4, 2017. *See* Tr. 15-16.

his activities of daily living, as Plaintiff contends, the ALJ's consideration of the opinion evidence was otherwise supported by substantial evidence, and the Court will not disturb it.

Last, Plaintiff argues that the ALJ erred by failing to include RFC limitations to accommodate his mental limitations after finding that Plaintiff had a moderate limitation in his ability to concentrate, persist, or maintain pace, and a mild limitation in his ability to adapt or manage himself. ECF No. 14-1 at 11-14 (citing *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015)). *Mascio* instructs that, when an ALJ finds that a claimant has a moderate limitation in the ability to concentrate, persist, or maintain pace, she must include an RFC limitation to accommodate that limitation or provide an explanation why no such limitation is required. The Court recently reiterated that *Mascio* "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020) (finding that the ALJ adequately explained the RFC's mental limitations where the RFC did not include a specific limitation addressing the plaintiff's moderate limitation in concentration, persistence, or pace).

Here, the ALJ thoroughly discussed Plaintiff's mental impairments, including his limitations in concentration, persistence, and pace, and provided citations to the record. Tr. 19-20, 25-26. The ALJ concluded that

> [c]onsidering the claimant's improvement with treatment, relatively stable findings, and the fact that he did not require significant treatment like inpatient psychiatric treatment or hospitalization, the undersigned concludes that his psychological symptoms were not as severe as alleged. His psychological conditions, when considered as whole, warrant a restriction to simple, routine tasks and occasionally interact with supervisors, co-workers, and the public. Further, any time off tasks could be accommodated by normal breaks.

Tr. 26. Therefore, the ALJ complied with *Mascio* by providing an explanation for her mental RFC assessment. Regarding Plaintiff's mild limitations in his ability to adapt or manage himself, *Mascio* does not address this functional area, nor does Plaintiff identify limitations that the ALJ should have included in the RFC.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ supported her conclusions with substantial evidence, and remand is unwarranted.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 14, is DENIED, and Defendant's Motion for Summary Judgment, ECF No. 15, is GRANTED. The SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

*Gerald G. v. Saul*
Civil No. SAG-19-2776
June 12, 2020
Page 5

  Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

          Sincerely yours,

            /s/

          Stephanie A. Gallagher
          United States District Judge